UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Taijah Jackson,<br><br>　　　Petitioner<br><br>v.<br><br>Clark County Detention Center,<br><br>　　　Respondent | Case No.: 2:23-cv-02080-JAD-BNW<br><br>**Order Dismissing Habeas Petition Without Prejudice, Denying Motion for Protection, and Closing Case**<br><br>[ECF Nos. 1, 1-1, 2] |

*Pro se* petitioner Taijah Jackson filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking emergency federal review related to his ongoing fugitive detention.[1] Jackson applies to proceed *in forma pauperis*,[2] and with good cause appearing, I grant his application. But on initial review under the Habeas Rules,[3] I find that Jackson's claims fall within the purview of 42 U.S.C. § 1983 and that any habeas claims regarding his continued detention as a fugitive are unexhausted, so I dismiss his petition without prejudice and close this case.

## Background[4]

Jackson has been held at the Clark County Detention Center since September 26, 2023, on an arrest warrant from another state under Nev. Rev. Stat. § 179.203 in Las Vegas Justice

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[4] The procedural history in this section is derived from Jackson's allegations as well as his criminal matters at the Las Vegas Justice Court. I take judicial notice of the online docket records of the Las Vegas Justice Court, which may be accessed by the public online at: https://www.lasvegasjusticecourt.us

Court case number 23-PC-074011. Jackson signed a fugitive waiver of extradition on September 28, 2023, that read: "Defendant to be released 30 Days from this date (if there are no local charges) or released 30 days after all local charges have been resolved." In a different Las Vegas Justice Court case (case number 23-CR-063583), Jackson was charged with child abuse or neglect and assault constituting domestic violence. Those charges were dismissed on December 6, 2023. Jackson alleges that while he has been detained at the Clark County Detention Center he was sexually assaulted, his Kosher food trays have been unsanitary, staff members have committed sexual misconduct against him, he was subjected to excessive force, and he was denied medical care. He prays for habeas relief.

## Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[5] or plagued by procedural defects.[6] Federal law provides two main avenues for relief on complaints related to incarceration: (1) a petition for habeas corpus under 28 U.S.C. §§ 2241, 2254, 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983.[7] A prisoner's claim is cognizable under the federal habeas statutes only if it falls within the "core" of habeas.[8] If success on a habeas claim would not necessarily lead to a petitioner's immediate

---

[5] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[6] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[7] *See Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[8] *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017).

or earlier release from custody, the claim does not fall within "the core of habeas corpus."[9]  If a prisoner is not challenging the fact of his confinement but instead complains of the conditions under which he is being held, he must use a § 1983 or *Bivens*[10] civil lawsuit instead of a habeas petition.[11]

**A.   Jackson's claims challenge his conditions of confinement, so they must be brought in a civil-rights complaint instead of a habeas petition.**

Jackson fails to state a cognizable habeas claim in his petition.  His claims regarding being sexually assaulted, having his food tampered with, being subjected to excessive force, and receiving inadequate medical care do not raise any issues warranting his release from custody. Rather, if Jackson were to succeed on any of these claims, it would mean only that his conditions of confinement would change.  So Jackson's claims do not fall within the "core" of habeas and must be brought, if at all, in a § 1983 or *Bivens* lawsuit that starts not with a petition but with a civil-rights complaint.

**B.   To pursue these claims, Jackson will have to file a new civil-rights lawsuit.**

I decline to recharacterize Jackson's petition as a civil-rights complaint.  When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead a civil rights violation.[12]  However, habeas actions and prisoner civil-rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for

---

[9] *Id*. at 931.

[10] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[11] *Nettles*, 830 F.3d at 933.

[12] *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).

habeas corpus."[13]  In this case, the petition is not amenable to conversion on its face because it is not clear that Jackson has named the proper defendant or whether recharacterization would disadvantage him.  I therefore dismiss the petition without prejudice to Jackson's ability to file a civil-rights lawsuit to address these issues, and I instruct the Clerk of Court to send Jackson the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

### C. Jackson has not exhausted his available state remedies for challenging his fugitive detention.

To the extent that Jackson challenges his continued fugitive detention on an arrest warrant from another state, he fails to show that he has exhausted his available state remedies. Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[14]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[15]

Jackson admits that he has not sought relief from any Nevada state court, much less appealed to the highest state court,[16] as the exhaustion requirement mandates.  Indeed, he states

---

[13] *Nettles*, 830 F.3d. at 935–36 (quotation omitted); *see also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's *pro se* filing as a federal habeas petition when doing so may be to the prisoner's disadvantage).

[14] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[15] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[16] ECF No. 1-1 at 3–4.

that he has only filed administrative grievances with the Clark County Detention Center.[17] Importantly, Jackson still has the following avenues of state court relief available to him: the Uniform Criminal Extradition Act ("UCEA") under NRS 197.177 and Nevada's habeas statutes under NRS 34.360. This bars this court's consideration of any habeas claims contained within Jackson's petition.

**D.    This court lacks jurisdiction to issue a protective order against Bland.**

Finally, Jackson also moves for temporary protection on a Las Vegas Justice Court form.[18] In his motion, Jackson requests protection from Courtney Lynn Bland, a former friend, because she has been stalking him.[19] This court lacks jurisdiction to enter such a protection order, so the motion is denied.

**Conclusion**

IT IS THEREFORE ORDERED that Jackson's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**.

IT IS FURTHER ORDERED that Jackson's motion for protection **[ECF No. 2] is DENIED**.

IT IS FURTHER ORDERED that Jackson's petition for writ of habeas corpus **[ECF No. 1-1] is DISMISSED without prejudice**. A certificate of appealability is denied as jurists of reason would not find the dismissal of this action on these grounds to be debatable or wrong.

. . .

---

[17] *Id*.
[18] ECF No. 2.
[19] *Id*. at 3–4.

5

The Clerk of the Court is directed to:

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office of the petition [ECF No. 1] and this order.[20]

- **SEND** Jackson the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 1, 2024

---

[20] No response is required from respondents other than to respond to any orders of a reviewing court.